JESSIE L. KIMBLE, RESPONDENT, v. CHARLES T. KAVANAUGH AND GRAHAM VAN KEUREN, PARTNERS, TRADING AS KAVANAUGH & VAN KEUREN, APPELLANTS.

Submitted November 10, 1924—Decided March 16, 1925.

1. An exception to some ruling of the trial court involving the question sought to be argued on appeal is necessary in order to entitle the appellant to present the question to the reviewing tribunal for consideration.

2. The defendants were operating a steam shovel upon a highway in such a manner that the shovel was frequently swung across the highway. The operator of the shovel was so stationed upon it that he had at times no view of some travelers on the highway who were approaching the shovel. No watchman or watchmen were stationed on the highway to warn users of the highway of the operation of the steam shovel. Mrs. K., who was traveling on the highway in an automobile, approached the shovel at a time when it was being swung across the highway. It struck and injured her. An action at law, based on negligence, was instituted

by Mrs. K. against the owners and operators of the steam shovel. The defendants submitted the following request to charge: "There was no obligation on the part of the defendant to install a watchman or watchmen on either or both sides of the steam shovel to warn persons using the road as to whether they should or should not pass the steam shovel," which was denied. *Held*, that the ruling of the court in declining to charge this request was proper, as the question of whether a watchman or watchmen should have been stationed on the highway was one for the consideration of the jury in determining the question of the negligence of the defendants.

On appeal from the Supreme Court, whose *per curiam* is printed in 2 *N. J. Mis. R.* 482.

For the appellants, *Wall, Haight, Carey & Harlpence* (*Thomas G. Haight* and *Edward J. O'Mara*, of counsel).

For the respondent, *Hugh C. Baldwin* and *Dolan & Dolan* (*William A. Dolan*, of counsel).

The opinion of the court was delivered by

KATZENBACH, J.   On November 7th, 1922, Theodore L. Kimble sold his interest in a hotel which he was conducting in Sussex, Sussex county, New Jersey. He was desirous of investing in a farm known as the Chandler farm, located upon the state highway extending from Sussex to Unionville, in the State of New York. On November 9th, 1922, about two-thirty P. M., Kimble, accompanied by his wife, Jessie L. Kimble, went in an automobile driven by Kimble to view this farm. The highway had been recently reconstructed of concrete by the State of New Jersey under the supervision of the state highway department. About six weeks before, the portion of the highway over which the Kimbles drove had been opened by a public celebration. The road had been reconstructed under a contract between the State of New Jersey and Charles T. Kavanaugh and Graham Van Keuren, partners, trading as Kavanaugh & Van Keuren. The Kimbles entered the highway at about the point where the celebration

had taken place. About one thousand feet from the Chandler farm a steam shovel was being operated by the contractors for the purpose of scooping earth from a bank on the easterly side of the road and depositing it on the westerly side of the road for the purpose of forming a shoulder. After viewing the farm the Kimbles started to return over the same highway. The steam shovel was in operation. As the Kimbles' car approached the steam shovel the operator of the shovel, who had his back to the Kimbles, swung the bucket across the center of the road, striking the automobile. Mr. Kimble was killed. Mrs. Kimble sustained a fracture of the left elbow and of the right wrist.

Mrs. Kimble instituted, in the Supreme Court, two actions at law against Kavanaugh and Van Keuren. One as administratrix *ad prosequendum* of the estate of Mr. Kimble. The other to recover damages for her personal injuries. The actions were tried together at the Sussex Circuit. The jury found a verdict for the defendants in the case brought under the Death act, and a verdict for Mrs. Kimble for $6,000 in her individual action. These apparently inconsistent verdicts were, perhaps, due to evidence introduced at the trial, that Mr. Kimble was intoxicated at the time of the accident, and, by reason thereof, guilty of contributory negligence, which barred recovery in the death case, while Mrs. Kimble, being a passenger, was found to be free from contributory negligence.

The trial judge allowed to the defendants a rule to show cause why the verdict rendered in favor of Mrs. Kimble should not be set aside. The rule reserved the exceptions taken at the trial. The Supreme Court refused to consider the questions reserved and attempt to be argued by counsel at the time of the hearing upon the rule. The rule was discharged. The defendants have now appealed to this court, and present for our consideration what they deem to be the questions reserved under the rule.

Two points are briefed by the appellants. The first is that the plaintiff was a mere licensee on the highway, to

whom the defendants owed only the duty to refrain from acts willfully injurious. To support their theory that the plaintiff was a mere licensee the appellants argue that under chapter 285 of the laws of 1921 the state highway commission has the power, where a highway is being reconstructed, to provide detours, which is a recognition of the right to close a highway undergoing reconstruction; that in the present case a detour was provided which suspended the right of the public to use the highway, and any user of the highway was, at best, a mere licensee, and in no different position than one using a private right of way with the permission of the owner, and, if injured while using the highway, is without remedy unless the act by which the injury was inflicted was willfully injurious.

An exception to some ruling of the trial court involving the question sought to be argued upon appeal is necessary to permit a question to be argued on appeal. *Garretson* v. *Appleton,* 58 *N. J. L.* 386. Our examination of the record in the present case discloses no exception taken at the trial which permits the argument of the question now raised. The defendants made a motion to nonsuit on the ground that no negligence on the part of the defendants was shown. The court refused to entertain this motion upon the ground that the defendants had introduced testimony in the way of photographs during the presentation of the plaintiff's case. Counsel for the defendants acquiesced in this ruling, and said that he would renew the motion as a motion to direct a verdict. At the conclusion of the defendants' case a motion to direct a verdict for the defendants was made upon the ground that there was no negligence shown upon the part of the defendants, and that the case showed, conclusively, contributory negligence on the part of Mr. and Mrs. Kimble. This motion was denied and an exception was taken. This exception did not raise the question as to the status of the plaintiff, upon the highway, whether an invitee or licensee. In his charge to the jury the trial judge charged that negligence was a failure to exercise reasonable or ordinary care,

and, at some length, defined the question at issue as the determination of the question whether or not, on the occasion in question, the defendants did or did not exercise reasonable or ordinary care. These portions of the charge are made grounds of appeal, but no exception or exceptions to what the trial judge said on this subject were taken by counsel for the defendants. The defendants submitted eleven requests to charge. Nos. 5, 6, 10 and 11 were charged. Nos. 1, 2, 3, 4, 7, 8 and 9 were refused. None of the requests to charge denied embodied any statement of the principle of law that the defendants were under no higher duty to the plaintiff than to refrain from acts willfully injurious because the plaintiff's status on the highway was that of a licensee. For these reasons we are precluded from a consideration of this contention of the appellants.

The second point urged by the appellants for a reversal of the judgment is that the trial judge charged the jury that it must consider, in determining the question of whether the defendants were negligent, the fact that the defendants were operating the steam shovel without any lookout or means of warning the operator of the shovel of persons approaching on the highway. The portion of the charge complained of is in the following words: "Upon the question of the negligence of these defendants you must also take into consideration the situation as it existed; that people were driving along there, as I recall the testimony, and that the operator of the steam shovel said that it was either impossible for him to see or with great difficulty that he could see people approaching this shovel from the direction in which this automobile was approaching, and you must ask yourselves and answer the question, whether, under the circumstances as they then existed, it was negligence on the part of these defendants to permit that shovel to be operated there without any lookout or means of warning the operator of the shovel, or warning persons approaching on the highway."

The defendants took no exception to this part of the charge. They did, however, submit a request which was de-

nied, which reads as follows: "There was no obligation on the part of the defendant to install a watchman or watchmen on either or both sides of the steam shovel to warn persons using the road as to whether they should or should not pass the steam shovel."

The only question on this phase of the case which we can consider is whether or not the trial judge erred in refusing to charge this request. The question for the determination of the jury was whether the defendants used reasonable or ordinary care towards those using the highway in the operation of the steam shovel. The evidence showed that the back of the operator of the shovel was towards those approaching from the direction which the plaintiff came at the time the accident happened, and that the operator could not see her. Under such circumstances a jury might conclude that the only way in which the defendants could have exercised reasonable or ordinary care would be to have placed a watchman or watchmen on the highway to warn those approaching of the danger. The request, if charged, would have excluded this question from the consideration of the jury. We think it was proper for the jury, under the facts presented, to be permitted to consider in determining the question of the negligence *vel non* of the defendants whether or not a watchman or watchmen should have been stationed by the defendants on the highway to warn travelers of the dangers incident to the operation of the steam shovel. It was therefore a correct ruling to refuse to charge the request submitted.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, JJ. 14.

*For reversal*—None.